UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW ALAN SCHROCK JR,

   Plaintiff,

   v.     Case No. 3:22-CV-785 JD

GARY LEWIS, et al.,

   Defendants.

## OPINION AND ORDER

Matthew Schrock Jr. filed an amended complaint raising three causes of action: (1) an Eighth Amendment Excessive Force claim against Captain Gary Lewis, Sergeant Spiegal, Sergeant Jones, and Officer Sarallo ("Defendants"); (2) an Eighth Amendment Failure to Protect or Intervene claim against the Defendants; and (3) Eighth Amendment, First Amendment, and Fourteenth Amendment claims against the Defendants related to placement in segregation and denial of access to legal research facilities. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court first finds that the allegations state a viable excessive force claim and failure to protect or intervene claim. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Furthermore, an officer who fails to intervene to try to prevent known

cruel or unusual force, despite a reasonable opportunity to do so, may be held liable under § 1983. *Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018).

Schrock includes sufficient allegations that a reasonable person could find that each of the Defendants used potentially sadistic and unnecessary force on March 27, 2020, and failed to intervene to prevent other officers from using sadistic and unnecessary force. Schrock alleges that on March 27, 2020, he reported to Sergeant Spiegal that he was suicidal. (DE 8 ¶ 13.) Schrock alleges that Sergeant Spiegal then handcuffed him and escorted him to Captain Gary Lewis's office under the pretense of providing him with mental health treatment. (*Id.* ¶ 15.) While in Captain Lewis's office, Schrock alleges that Sergeant Spiegal began twisting the handcuffs into his wrists and that Officer Sarallo began to repeatedly strike his face. (*Id.* ¶ 16.) The Complaint also alleges that Officer Sarallo held Schrock's head to the ground sideways while Captain Lewis taunted him. (*Id.* ¶ 17.) When a nurse offered to help Schrock, Sergeant Jones advised the nurse that he would "get[] no treatment until he is cooperative." (*Id.* ¶ 19.)

Schrock alleges that the nurse then tried to clean the blood from Schrock's face wounds. (*Id.* ¶ 21.) Due to Schrock's religious beliefs, he is not allowed to consume blood, and so he alleges that he spit the blood on the ground away from the staff. Captain Lewis then directed the other officers to put a spit mask on Schrock. Schrock alleges he passively resisted, resulting in Sergeant Jones yelling to "grab his hair and pull his hair back." (*Id.* ¶ 22.) Officer Sarallo then pulled Schrock's hair back and began to hit him. (*Id.*).

The above allegations, taken together, support the claims of excessive force and failure to intervene or protect. According to the Complaint, Sergeant Spiegal and Officer Sarallo directly used force on Schrock. And even though Captain Lewis and Sergeant Jones are not alleged to have directly hit or beat Schrock, their actions could support liability for excessive force under a

supervisory liability theory. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference."). Accordingly, the Court finds that the failure to intervene claims and excessive force claims may proceed against the Defendants.

Schrock also brings claims against the Defendants for "Eighth Amendment, First Amendment, and Fourteenth Amendment" violations "related to placement in segregation, and denial of access to legal research facilities[.]" (*Id.* ¶ 40.) These claims must be dismissed because this cursory legal description, merely citing to three constitutional amendments, and the sparse factual allegations in support fail to put the Defendants on notice of the nature of the claims. A Complaint must "provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Schrock includes factual allegations that he (1) was kept from obtaining legal materials by the Defendants and (2) was intimidated from coming out of his cell by the Defendants between March 27, 2020, and October 2020. (DE 8 ¶¶ 27–33.) However, Schrock does not include any allegations of what specific actions the Defendants took to prevent him from obtaining his legal materials or how they intimidated him from coming out of his cell. In other words, as to this count, Schrock includes the type of conclusory allegations which do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Furthermore, it is unclear what claim Schrock is even bringing in this cause of action. He cites the First, Eighth, and Fourteenth Amendment. But is he bringing a claim under the Eighth Amendment for deliberate indifference by the Defendants for intimidating him into segregation

for a span of several months? Or is he bringing a claim for First Amendment retaliation, where he was intimidated into segregation and denied access to legal materials in retaliation for him filing a grievance? Given this lack of clarity, both related to his factual allegations and to his description of his cause of action, his claims alleging "Eighth Amendment, First Amendment, and Fourteenth Amendment" violations must be dismissed (*Id.* ¶ 40.)

The Court also notes that Schrock seeks "equitable relief within the power of this Court, to remedy Schrock's dismissed post-conviction relief appeal, due to untimeliness caused by the actions of Defendants." (DE 8 at 9.) A Section 1983 action is not the proper procedural avenue to seek post-conviction relief.

For these reasons, the court:

(1) GRANTS Schrock leave to proceed against the Defendants in their individual capacities for compensatory damages for using excessive force and failing to intervene on March 27, 2020, in violation of the Eighth Amendment;

(2) DENIES Schrock leave to proceed against the Defendants as to the cause of action alleging Eighth Amendment, First Amendment, and Fourteenth Amendment violations "related to placement in segregations, and denial of access to legal research facilities";

(3) ORDERS, under 42 U.S.C. § 1997e(g)(2), Captain Gary Lewis, Sergeant Spiegal, Sergeant Jones, and Officer Sarallo to respond, as provided for in the Federal Rules of Civil Procedure, as to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May 5, 2023

                /s/ JON E. DEGUILIO
                Chief Judge
                United States District Court