UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW ALAN SCHROCK JR,

    Plaintiff,

    v.                                                Case No. 3:22-CV-785-CCB

GARY LEWIS, et al.,

    Defendants.

## OPINION AND ORDER

On August 5, 2025, Plaintiff Matthew Alan Schrock, Jr. and Defendants filed

separate motions in limine in preparation for trial. (ECF 57, 58).[1] The Court now rules

on those motions.

### STANDARD

The Court has broad discretion to rule on motions in limine. *Jenkins v. Chrysler*

*Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Luce v. United States*, 469 U.S. 38,

41 n.4 (1984). Evidentiary rulings ordinarily should not be made until trial when the

Court can resolve admissibility issues in proper context. The Court thus excludes

evidence in limine only when it is "clearly inadmissible on all potential grounds."

*United States v. Jackson*, 535 F. Supp. 3d 809, 813 (N.D. Ind. 2021). If admissible on one

ground or another, the Court will defer ruling on admissibility until trial.  *See id.* Even

when the Court issues an order in limine, the order remains preliminary and subject to

---

[1] The parties also filed a stipulation listing the agreed-upon topics of their motions in limine on August 12, 2025. (ECF 59).

the Court's revision at trial. *See Farfaras v. Citizens Bank & Tr.*, 433 F.3d 558, 565 (7th Cir. 2006).

<strong>ANALYSIS</strong>

**A. Disputed Topics in Plaintiff's Motion in Limine (ECF 57)[2]**

**1. Motion to preclude Defense counsel from referencing Cody Sarallo without an appropriate cautionary instruction (Topic 2)**

Plaintiff argues that any reference to Officer Cody Sarallo as a former defendant will be confusing without additional explanation that he was released from the case due to his death on August 16, 2024. [3] Defendants have responded by objecting to any discussion of Sarallo's status as a former defendant, and have made a motion in limine accordingly. (ECF 61 at 2; ECF 58 at 3). Plaintiff responds that this would be prejudicial, as the jury would be confused or might draw adverse inferences from the fact that Officer Sarallo is not a named defendant in the case. (ECF 62 at 4). The Court finds that, due to Officer Sarallo's alleged involvement in the events giving rise to this case, it would be confusing to the jury to withhold the fact that Officer Sarallo was a previous defendant, or that he has been released as a defendant due to his death. Moreover, the Court finds that there is minimal prejudice resulting from the jury's knowledge that Officer Sarallo was previously a Defendant, especially if the jury is instructed not to

---

[2] Undisputed topics 1, 4, 5, and 6 of Plaintiff's motion in limine are granted by stipulated agreement. (ECF 59).

[3] There initially appears to have been disagreement about whether a jury instruction should attribute fault to Defendants for a delayed disclosure of Officer Sarallo's death. However, Plaintiff's proposed order on his motions in limine (ECF 62-1) and proposed jury instructions (ECF 65) explicitly exclude discussion attributing fault to Officer Sarallo's omission. The issue is therefore considered resolved by the parties. There will be no instruction regarding whether any party was at fault for failing to disclose information about Officer Sarallo's death.

2

take Sarallo's potential liability into account. Thus, the Court grants Plaintiff's request with this jury instruction:

> During the course of this lawsuit, Officer Cody Sarallo passed away. Thus, he was dismissed from this case as a defendant. The fact that he is no longer a defendant should not have any impact, one way or the other, on how you determine whether Plaintiff has proven his claims against the remaining defendants. You must give separate consideration to each party in this case.

This instruction will be reflected in the Court's proposed final jury instructions.

## 2. Motion to preclude Defense counsel from offering evidence to contradict IDOC records and testimony as to Plaintiff's injuries (Topic 3)

Plaintiff has requested that the Court bar Defendants from introducing any evidence that contradicts the State of Indiana Department of Corrections reports relating to Mr. Schrock's injuries and treatment. But Plaintiff does not cite any rule for this request, or explain why "testimony that contradicts [the state records] would, of course, be a fraud on the court." (ECF 57 at 5). In fact, it would be highly problematic to exclude evidence simply because it does not comport with another party's evidence. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997) ("The key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials that come to the tribunal's attention." (citation and quotation omitted)). Nor does Plaintiff specifically outline which specific evidence this motion seeks to bar, beyond suggesting that some of Defendants' evidence may be hearsay. It may be that Defendants' rebuttal evidence is inadmissible on specific grounds, such as authentication and hearsay. But Plaintiff has not provided the Court with sufficient detail to make a ruling on any specific piece of

3

evidence. The Court will decide these issues at trial. In any event, it is not appropriate to bar evidence simply on the basis that it contradicts Plaintiff's evidence. Plaintiff's motion is denied.

### 3. Motion to permit Mr. Schrock to remain unhandcuffed, unshackled, and attired in appropriate civilian clothing when before the jury (Topic 7)

The Court has already issued an order regarding Mr. Schrock's clothing and restraints during trial. (ECF 82). This motion is moot.

### B. Disputed Topics in Defendants' Motion in Limine (ECF 58)[4]

### 1. Motion to bar any reference to Cody Sarallo's status as a previously named defendant in this matter (Topic 4)

The Court addressed the substance of this topic in its ruling on Plaintiff's motion topic 2. The Court incorporates its ruling and instruction on that motion. Defendants' motion is denied.

### 2. Motion to exclude Jason Knocke from testifying (Topic 15)

Defendants have moved to exclude the testimony of Plaintiff's witness Mr. Jason Knocke from testifying at trial on the grounds that he was not disclosed as a potential witness during discovery under Rule 26(a)(1). Rule 26(a)(1) requires that a party disclose the name and information of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

---

[4] Undisputed topics 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 of Defendants' motion in limine are granted by stipulated agreement. (ECF 59).

Under Rule 37(c), if a witness is not disclosed, the witness must be excluded unless the failure was substantially justified or is harmless.

The Seventh Circuit uses the following factors to determine whether a rule 26 violation is justified or harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). A district court has broad discretion to determine whether a Rule 26 violation is justified or is harmless. *Id.*

If a party is not aware of a potential witness, then an initial failure to disclose that witness will often be substantially justified if the party acted in good faith. *See Bull v. Bd. of Trs. of Ball State Univ.*, No. 1:10-CV-00878-JMS, 2012 WL 76137, at *2 (S.D. Ind. Jan. 10, 2012) (noting substantial justification where party was unaware of the existence of evidence until after disclosure deadline) (citing *Silchia v. MCI Telecomms. Corp.*, 942 F. Supp. 1369, 1377 (D. Colo. 1996)); *Monroe v. Jeffreys*, No. 3:18-CV-00156-NJR, 2021 WL 12320461, at *3 (S.D. Ill. July 19, 2021) (substantial justification when "it was not possible for Plaintiffs to identify or investigate the listed individuals as potential witnesses while fact discovery was still open" and Plaintiffs supplemented their disclosures promptly upon learning of witness identities).

At this time, there is no indication that Plaintiff did not act in good faith. Plaintiff states that Mr. Knocke reached out and volunteered information in early 2025, several months after discovery had closed on October 1, 2024. (ECF 60 at 3). Thus, Plaintiff was not aware of Mr. Knocke's testimony during the course of discovery. Plaintiff's counsel states that immediately after Mr. Knocke reached out, the details of his testimony were made available to Defendants. (*Id.* at 6).

Plaintiff appears to have acted in good faith to minimize the harm of the late disclosure by promptly informing Defendants of Mr. Knocke's testimony. Moreover, there is no indication that Mr. Knocke was not discovered through lack of effort or diligence—the fact that Plaintiff only became aware of Mr. Knocke through his own choice to reach out suggests otherwise. *See United States v. Reed*, 227 F.3d 763, 767 (7th Cir. 2000); *Zong Lor v. Jenkins*, 178 F. App'x 569, 570 (7th Cir. 2006).

Finally, this Court must determine how the admission of Mr. Knocke's testimony would affect the prejudice against Defendants. *See David*, 324 F.3d at 857. The trial has recently been continued. (ECF 91). Thus, there should be ample time for Defendants to adequately prepare their response to Mr. Knocke's testimony, as long as it is sufficiently limited in scope.

Plaintiff has stated that Mr. Knocke will testify (1) that when he encountered Mr. Schrock shortly after the incident on March 27, 2020, Mr. Schrock was severely injured, (2) that multiple Defendants admitted to Mr. Knocke that things "got way out of hand," and (3) that the prison guard culture at the Westville Correctional Facility was sadistic. Mr. Knocke's testimony regarding the prison's culture is likely hearsay, is of

6

indeterminate scope, and also has high potential prejudice. The Court strains to see how this testimony would be admissible from a late-disclosed defendant. *See David*, 324 F.3d at 857. However, Mr. Schrock's testimony of his personal observations on the day of the alleged interactions is sufficiently narrow in scope and may be extremely relevant in deciding facts at issue in the case under Rule 403.

The Court orders that discovery is re-opened, limited to matters related to the new testimony by Mr. Knocke regarding his personal impressions related to the incident with Mr. Schrock. The time for discovery will be determined in conjunction with the trial date determination at the zoom scheduling conference on March 26, 2026. The parties should be prepared to explain and discuss a reasonable discovery timeframe at that conference. Defendants' motion is denied.

### CONCLUSION

The Parties' undisputed motions in limine are granted by agreement. (ECF 59). Thus, topics 1, 4, 5, and 6 of Plaintiff's motion and topics 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 of Defendants' motion are **GRANTED**.

Plaintiff's motion in limine (ECF 57) is hereby **GRANTED** as to topic 2. The Court will submit the resulting proposed jury instruction along with its other proposed jury instructions in due course. Plaintiff's motion is **DENIED** as to topic 3. Plaintiff's motion is **MOOT** as to topic 7.

Defendants' motion in limine (ECF 58) is **DENIED** as to topics 4 and 15. The Court **ORDERS** that discovery is re-opened with the scope limited to Mr. Knocke's testimony about his personal observations related to the incident with Mr. Schrock. The

discovery end date will be decided subsequent to the zoom scheduling conference on

March 26, 2026.


SO ORDERED on March 19, 2026.


_/s/*Cristal C. Brisco*_____
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT